v. Apple, v. MemoryWeb, 2361, etc. Good morning, Your Honor. May it please the Court, Brian Matsui on behalf of Apple. I'd like to start with Apple's 020 patent appeal. The Board should have addressed Apple's argument for certain dependent claims. It found that Apple had proven that the first-person view requirement would have been obvious. This view is just a computer screen focused on one person, the first person. Apple's petition said that the second-person view would have been obvious for all the same reasons as the first. It's the same screen with the very same elements. It's just directed to a different person, the second person. The Board erred. It was wrong when it did not address this issue, which MemoryWeb understood completely and responded to in its patent owner response. On the assumption that we were to agree that what the Board said on we can't untangle what this means is wrong, how much more should we say in remanding? Because then there's the merits of the claims would have to be addressed. Are there aspects of the Board's reasoning that sound like it might be useful for us to address on that point so as not to ourselves with yet another appeal? I don't think that there's anything in the Board's reasoning with respect to this second map image issue that the Board said that the Court needs to address. MemoryWeb has raised an alternative ground, a claim construction issue that says the first map image and the second map image can't be the same. The Board at Appendix 83 just declined to address that issue, so it didn't predispose on that issue or reach some erroneous conclusion. If this Court were to reach that issue, we would argue that the first map image and the second map image don't need to be visually distinct, that they can be the same button, but then this ultimately would be an issue for remand because the Board never addressed that claim construction issue in the first instance. Would an example of your merits argument on that claim construction point be something like if the map image is no more local than the city, if the second person lives in the same city as the first, you can use the same map image? Could you repeat that question, Your Honor, just so I'm sure I understood it? Do I understand your claim construction position is that screen one and screen two for first person and second person can have the same map image? That's correct. So if the map image that the software was generating, say, was just at no more localized than the city as opposed to the block where the person lives or something like that, then if person one and person two both live in Washington, D.C., the same map image could appear for them? That's correct. The same map image could appear. The places button that we identified in A3UM, which appears in... Right, but we're talking about a claim construction issue. Certainly, and so it could be the same. I think the best place to look here is at the claim itself. And Appendix 444, when you look at the claim... No, I think I understand your point about the wording being different. I'm just trying to have... There are a lot of different images and things. It's actually quite hard to keep straight about what we're talking about. So I'm just trying to understand if the example I gave you, to the extent you understand it, is one intuitively simple way of thinking about why that same map image might be used for person one and person two. Certainly. If it was a map of D.C. and both people lived in D.C. and it was the capital, then that would be the same map image. But in addition to that, they would have different functionality under the combination because in the first person view, if you would on the first map image, that would take you to the first location view, which would be for the first person. And if you click on the map image in the second person view, then that would take you to the location view for the second person. And so you're talking about different functionality. There's nothing in the claim that would require that you can't have these two buttons be not the same, that they have to be visually distinct from each other. But again, this claim construction argument just underscores the fact that the board did not address an issue which MemoryWeb understood. And MemoryWeb raised this issue in response to our petition because it knew that we were referring to the same button in the prior art to be both the first map image and the same map image. And so that issue was completely joined by the parties and the board should have addressed that completely. Help me understand. I just want to question the assumption that Judge Toronto made at the beginning. The assumption was that the board did ignore the issues with respect to 020. The board says a lot of words. I think it's pages appendix 82 to 86. And I think we're supposed to read what they say with some deference. What's the best place you can point me to to say that they really didn't do enough here and they kind of ignored the argument you were really making? I think the best place to look in the final decision itself would be the fact that in appendix 83, it notes what MemoryWeb argued. That MemoryWeb raised this claim construction issue and then the board said we need not determine whether the recited first and map images can be the same. And what that shows is that the parties had notice of this issue, that they understood what the petition was arguing and the board declined to decide this issue that was squarely before. But to go to the record itself, if I may, if we look at appendix 713 to 721, that's where Apple showed that the first person view would have been obvious and it spent eight pages discussing this view. And at appendix 715, in particular, it discussed the map image, the first map image. And at the bottom, after identifying that on the toolbar and on the inspector pane, the places button would be both map images. It says each of these icons represents maps that a would consider them to be map images. And so when Apple's petition said that the second person view would have been obvious for all the same reasons as the first person view, and then it cited back to these very pages in the petition, that is sufficient to show that this claim would have been obvious. Because the only difference between the first person view and the second person view is just that it's directed to a different person. And so when you have a screen and it has different names on it, if you click on one person's name, you get to their view, which has pictures of them, their name, and then this map image, which is a button to take you to a location view. And then the same thing would be true for the second person. So there was no requirement that Apple needed to go on and explain this anymore, particularly when MemoryWeb understood this issue completely and engaged with it. Can I ask you to turn to the 376? Certainly, Your Honor. So for the 376 patent, the appeal really boils down to whether Apple's obviousness case needed A3UM to operate in a certain way, in a particular way, whether it needed and depended upon being in the places view, that if you clicked on a photo in the browser... So just so you know what I'm thinking about this, it seems to me that you have that, I don't know, is it a paragraph or at least a couple of sentences. And the first sentence is absolutely clear. It's talking about the places view. And then the second sentence, in the ordinary course, one would read the next sentence describing a certain selection, I think, I don't have it in front of me, as being about the view that we were currently talking about. And that's how the board read it. And then you eventually, I think, acknowledge, no, no, no, that must not, that doesn't occur in the places view, that that sentence is really referring to something else, either the split view or some other non-places view. I'm having a hard time seeing how it is an abusive discretion for the board presented with that to have read it in what seems to me a quite natural way. And therefore, since that doesn't actually work in the places view, to find missing the explanation, which would have required more sentences, making clear that there's a different obviousness case. That's how I understand it. So tell me why that's wrong. So that's wrong in two respects. And one reason why that's wrong is because even accepting that there was a miss, that the petition had a mistake in it, which will be my second point as to why there wasn't. But even accepting that, that doesn't mean that the obviousness case shouldn't be decided. Because Apple's point now on appeal, and it always been, was that the petition and the obviousness case didn't do that. Roberts. I'm sorry. I'm not sure that the obviousness, I'm not sure it's right to say the board didn't decide the obviousness case. I read the board to have said the case that I think was made in that paragraph rests on something that is just wrong, namely what the user would do in the places view. There might be another obviousness case, theoretical, but I don't find the other obviousness case made out in the petition. Well, so the other obviousness case is made out in the petition and... And I don't mean somewhere in the petition. I mean with very specific reference to this very particular claim element. I mean, certainly the petition could have been a little bit clearer there in that point. But I think that what gets lost in the argument before the board is that the petition went on for several more pages and explained why the claim would have been obvious in a manner in which it didn't depend upon the places view operating in that particular manner. And so that's the error that we believe that the board should have dealt with, that it made and should have dealt with. So at appendix 11-563, for example, the petition is talking about Blitz, the reference Blitz, which has thumbnail images. And then when you click on those thumbnail images, they then open to show larger versions of those photos. And so that is the obviousness case that the board never grappled with. Now, on the first point, Judge Strato, when you mentioned the petition itself, it did cite in that paragraph that you referenced... And it did cite that. And so it was not a situation where Apple said in its reply, had to say in its reply, no, we meant to cite something else. We meant to cite this different part of A3UM. It cited the correct parts. And then so it naturally expanded in its reply, responding to MemoryWeb that, look, we cited the right parts of A3UM where this functionality exists. And so that is why the petition was correct. And the board should have considered those reply arguments, but it did not. I recognize that I'm in my rebuttal time, and unless the Court has additional questions, I'd like to say that... Good morning, Your Honors. Dan Schwartz on behalf of MemoryWeb. I'll start with the 020 issue. And with respect to... I'd like to take a step back as to what we're really talking about here. We're talking about Apple's own petition and its own expert not understanding or explaining how Apple's own prior art works. This isn't... Wait. Are we talking about 02013 or are we applying to both? It more applies... I'll start with the 376, actually, and hit the issue of the fact that Dr. Terveen and Apple, in the declaration, were simply wrong about how its own prior art worked. And the board absolutely was correct in saying, look... I'm sorry, Your Honor. I got my stuff mixed up. I apologize, Your Honor. I'm going to start with the 020 and the... I got my stuff mixed up. I completely apologize. I'm sorry, Your Honor. Let's start with the 020 and the first person. Apple has argued that because MemoryWeb actually engaged on the issue that we must have understood it and that therefore we have... It seems to me that's quite secondary. The primary point is this single paragraph that is in the 020 petition about 13... I'm just going to call it 13 instead of saying 13 to 16 or 45 to whatever... said what we said about the first person is also true about the second person. And they just didn't need to say any more. Why did they need to say any more? Well, first of all, Your Honor, they didn't actually say that. When you look at what they actually said about... What is that appendix? 747 to 748. What they say is, A3UM discloses providing the same functionality for each face identified by the system, including showing that person in FACES view displaying their names within A3UM's overall interface. Because A3UM discloses or renders obvious these features with respect to the first person in Claims 1 and 31. A3UM discloses or renders obvious these features with respect to a second person. There is no mention of map in there. There is no mention of map image. And that's exactly what the board said. They said, look, even if I were to credit you, Apple, for what you said about first person and second person or the first person view and the second person view, it's only limited to what you said about the picture and the identification of the person. There's nothing in your petition, there's nothing in the declaration about what the second map image is. The fact that MemoryWeb was able to depose their expert and perhaps get some ideas to theories that he may have not put into his declaration or Apple put into their petition, doesn't mean that we should be held to have fully engaged on an issue that they didn't put in their petition. The issue that we're having is that as a patent owner, we would be left with this Hobson's choice, right? If we only said, well, they didn't disclose anything regarding second map image and left it at that, we would be leaving ourselves at risk of finding, well, maybe someone would have a different view of that. But we think the board got it 100% right when the board found that they had nothing on second map image. How is that giving sufficient credit to the first sentence in the paragraph here that you just pointed us to? I mean, they expressly are arguing, at least, that the prior art A3UM discloses providing the same functionality for each face. Correct. Is that really being silent on the second person? Absolutely, Your Honor. No, no, it's not with respect to the second person. It's respect to the second map image. So the view that we're talking about has to have three things. It has to have a picture of a person, their name, and a map image. All they said in this petition is, hey, it's the same functionality when you hit in the places view. If you hit the first person, you get a view that has, in the A3UM example, they have a picture of a woman named Alice and a picture randomly named Daniel. The first person is Alice, and you click on her picture, and you get other pictures with her and her name, a little bar at the top. So you have the two things, the person in the faces view with their name. That's it. There is no mention of the other thing that has to be in the person view, whether it's the first or second person view, which is that map image. So it doesn't say anything about map image. And I think the board was very correct to read it that way, because if they wanted to say anything about the second map image, they absolutely could have. There was no reason that they couldn't have said that. They just elected not to. And I don't think that it should be on the patent owner's ledger to have to figure out, or the board's ledger, to figure out what it is that a petitioner is actually arguing. The fact that we did address through the deposition of their expert does not mean that we fully engaged on the issue in a way that matches what their petition should have said. Do you want to get to your 376 point about Apple not understanding its own user manual? Yes. Thank you, Your Honor. Here with the 376, we're also dealing with this issue where Apple did not understand how its own prior art operated or what it disclosed. They were wrong, and Dr. Dravine admitted he was wrong when he was faced with the prospect of looking at that picture on page 251. He was like, oh, that doesn't appear in the place's view. That doesn't work. And if I had to go look at my declaration, I didn't hit that issue. So to the extent that Apple argues, and that in and of itself, by the way, Your Honor, kind of ends the issue. They don't have any evidence for any of the claims in the 376 without that A3UM correct flow of clicks through the system. And that's what these patents are about. It's a more easy, efficient way. So I'm looking now. The crucial paragraph is, I happen to be looking, I guess, at page 153 of the appendix where it's quoted. This is the 376 final written decision, locked and indented quote. A3UM discloses selecting a pin, et cetera, et cetera, pages 436 and 437. And then it says, selecting a thumbnail in the browser then prompts display of the original detail image. And now this is a reference to the split view. If that sentence had said, it would have been obvious to use in the place's view what is true of the browser view of the browser in the split view, namely, and then continuing on selecting. Would that have been enough for Apple? It would have been better. I would still say no, Your Honor, because they would have to also show some reason, which the petition and declaration would avoid, of some motivation to actually make that modification. And the board, do I remember right, made that point. Correct. And that's missing from the petition. Correct. And the board actually went on and addressed the possibilities of these arguments. The board at appendix 161 to 164 says, even assuming the petitioner intended to combine the various embodiments of A3UM as described for the first time in the reply, petitioner's obviousness rationale is still insufficient. And then it spends several pages explaining why it would be insufficient. So if they had said, for instance, what Your Honor proposed, it still wouldn't have overcome the issues because there was no motivation to make that modification. You have a couple of cross-appeal issues? Yes. I'm going to. Three cross-appeal issues. I'm sorry? You have three cross-appeal issues. Yes. I will hit them as quickly as I can. In part, there's an overlapping issue between Claim 15 of the 228 patent as well as Claims 3 and 4 of the 658 patent. Can I just – you agree that on the 228 only 15 is at issue and 3, 4 and 8, 12 are the only ones at issue on the 658? Yes, Your Honor. Why didn't you say that expressly, at least in your gray brief? We spent a lot of time trying to map out exactly what's at issue and what the relation is. But in the other brief, I mean the gray brief in the next case, it seems like sort of a minimum standard for just being helpful to keeping straight about what's going on in this interrelated set of cases. Your Honor, I don't have a specific recollection as we were preparing the briefs as to whether we had thought about that or not. We were trying to make decisions across multiple appeals and multiple proceedings. I apologize for that interview. Get on to the 020 cross-appeal. Oh, do you want to start with? No, I was just going to say as soon as Unified came to us last week, we very quickly tried to address that with them to dismiss that. So I apologize for the confusion that we have caused. Your Honor, I'm going to start with the Claim 15 of the 228 as well because it also hits the Claims 3 and 4 of the 658. And it's really based on this same issue regarding A3UM. The Board upheld the challenge notwithstanding on these claims that the sole basis for, aside from the other limitations, the sole basis for rejecting these claims was due to this same issue regarding how A3UM works in the 376 patent. I'll point you to our principal brief. I'll get to the page in a second. We set forth the chart where we have the Apple argument for 376, Claim 1. It has essentially the exact same language for the 228 Claim 15. It is the exact same issue. And when you come to the conclusion that that is wrong in how the prior art actually works, you're left with an argument that is Apple has no evidence on which to support its challenge to Claims 15 and Claims 3 and 4 of the 658. That information is that two sections of the 228 and the 376. So do I remember right that as to those two points, 228 15 and 658 34, the Board said that error by Apple does not, is irrelevant to the outcome because independent of that error, the same result is reached. In particular, we don't have in these claims, there shall be no interactive map. Correct. While it's true that the claims themselves at issue don't require replacing the map, the claims require displaying, clicking on one of the lower images and having a bigger version of pop up. That is all MemoryWeb was relying on to show. Because A3UM doesn't work in the way of clicking on the lower picture for it to come up in the bigger one, and that doesn't work in A3UM, that's why those challenges to those claims should not have been upheld. But it's also why the Board failed to understand and just misunderstood what the argument was. The Board believed that we were making an argument that was, oh, it has to replace the whole interactive map. That's not what we were arguing, and the Board fundamentally misunderstood that. So there are, at least in the set of cases, and I must say I have trouble keeping track, but there seem to be two different, though perhaps related, arguments about this phrase responsive to. One of them is that for B to be responsive to an action taken in A, no further user actions have to intervene before B arises. So what sometimes you've called that it has to be directly responsive. The other is that if some required content in B, if some content, particular content, claimed content is required in B, it's not responsive to the action taken in A if that content is mere carry forward of something that was in A. So the old, even if it appears in B, doesn't count. Which of those issues do we need to decide in this case for which claim, if any? So you need to decide the issue of what responsive to means, and it's our view in all of the patents the same way, and that there is a direct causal effect between the first input and the second input, and that it is not enough that if there is a requirement of what happens second, that there be three things on the screen. If one of them is there before and after that initial input, because it's there both before and after persistently, it is not appearing in that view responsive to the input. Right. As I hear what you just said, you simply repeated the two positions that you take. My question is, for which of these claims do we have to decide whether you're right about that, or right about either the first or the second or both, and which? So it is claims, give me one second. It is on the O to O, claims one to five. Hold on, are you answering for the first of your two theories or the second? Our theory is the direct causal relation. It applies to all of them. It applies to all, but then is it the same list of claims you're giving us that we have to decide the second issue about if there were one of three things on the screen before, and it's also on the second screen, it's not responsive to. Is it the same list of claims for both? Yes, there are some additional arguments regarding claims eight to 12 of the 658 as they relate to responsive to. I believe my time is going to be up. Go ahead. I'll do your lecture. Sorry to interrupt. No, but, and that is in our brief, Your Honor, that we have the additional arguments regarding responsive to, but it's claim one to five of the O to O, claims one to five, eight to 12, 17 to 37, 40 to 44, claim 15 of the 228, and then claims eight to 12 of the 658. Into my time, I'll reserve a minute or two for... I will restore the... Thank you, Your Honor. So I'd like to start with the rebuttal point on the O to O patent, and just to briefly note that our petition, when it said the second map image claim, the second person view, it does focus on the same functionality, and that these features would be the same, and then we cited back to the precise points where we discussed the first person view. Remember, we have notes that we made some additional arguments with respect to some of the elements, and that's because those elements were a with the second person, rather than in the name associated with the second person. So we were just making clear that that would be the same thing with respect to the second person. I don't think by saying a little bit more, that means that the petition is less clear when it makes the point that it's referring back to the first person view, incites back to those very arguments. On the 376 patent, we did explain that there was going to be a motivation to combine here, and that's at 11564, where we say a skilled artisan would have been motivated to do so, and the to do so was when I was talking about the blitz before, with the thumbnail you would click, to improve the user experience, such as by reducing the number of steps between selecting a map location and seeing an image at that location, and so that was a motivation to combine. This is, again, very simple technology. We were just trying to find different views when you're sorting and displaying photos, and A3UM is a manual for one commercial product, so it's not a situation where you have 50 different commercial products, and you're trying to look for a motivation to combine. This is one commercial products manual where you would have all these features and functions in one manual, and so the board erred in its motivation to combine analysis, in addition to not addressing the petition arguments correctly. On the responsive to point, I think, Joe Chardo, do you think there's only one? So I think that with respect to Apple's, the Apple and MemoryWeb's dispute, these appeals right here, there is direct interaction in all the button pushing, and so if we look at the O2O patent, the responsive to is just that, is the first person view responsive to? The court doesn't need to address any of the other issues in this appeal, in these appeals, with respect to that. The issue that's at play is whether everything in that first person view needs to be responsive to, and the claim just is not drafted that way. The claim is drafted in a way that the first person view needs to be responsive to the input, and then that first person review includes certain requirements, and it's an open-ended requirement what the first person view is. So it can include many, many different things, and so there's nothing in the claim, there's nothing that supports MemoryWeb's argument that everything in the first person view has to be responsive to the input. I think one way to look at it that's perhaps the best is the first person view isn't ultimately responsive to the input until all the elements are there, and so it may be that one element may already be there persistently there, but then when the other elements appear responsive to that input, then you have the first person view as responsive to the input. And that's the claim construction issue that is relevant here with respect to these appeals. On the mistake issue that MemoryWeb is pointing to on the 228 patent and the 658 patent, as the court was engaging with counsel, I think those are some of the main differences, that there are different claim requirements in the 658 and the 228. They don't have the requirement that you have to displace the interactive map with the photo that's being opened, and so that's a distinct requirement that's not in these claims, and because of that, the record is very different in these. Now there may be some sentences here or there that are similar, given these are all closely related patents and closely related art, but the records themselves and the arguments that were made in the petitions are different, and so the board was well within its discretion in these different cases to conclude that what Apple was arguing here was not based upon any sort of statement that when you click on a photo in the browser in the places view, then it opens up in the viewer displacing that map. I'll also note that with respect to the 658 patent, there's an additional reason why Memoryweb's argument doesn't work here. There were two grounds, there were two arguments that were made with respect to claims three through four, and one of those was an alternative argument, which the board said was the theory that it didn't have any sort of indication that you would be in the places view and that you would click on a photo in the browser and then it would be replaced in the viewer, and that was at appendix 39344 where we made that alternative argument. If the court has no other questions, we would ask that the decision on the 020 and the 376 patents for Apple's appeals be vacated and remanded and that appeals otherwise be affirmed. Thank you. And here you get to talk only about your cross appeal. You get to talk only about your cross appeal at this point. So no 376, no claim 13 of 020. With respect to the cross appeal and the responsive to claim construction, because that is part of our cross appeal across each of these, patents, I would like to go back to make sure that we're actually set correctly. Apple had never proposed a claim construction in the first instance. It was only in their reply where they said as long as responsive to allows for some additional user computer interaction after you do that input. The discussion about whether something is static on the screen is how A3UM works. And even under their construction, if the board were to actually construe the claim, even consistent with them or with the direct causation, there is no circumstance in which any action or activity by the computer or by a user would result in that places button, anything happening to it. It was there before and it was thereafter. I've got the timer in front of me. To say that I am at the lectern with the timer, it wasn't caused by me getting up to walk to the lectern. The timer, it wasn't changing until you got up. That is true. But its existence was here both before and after the input of me getting out of my chair and walking up here. That's what the issue is with respect to responsive to and A3UM. And Judge Stark, if I misunderstood the question that you asked, I apologize. I was focusing on responsive to, we have the same arguments with respect to all of the patents in each of the appeals. But with respect to A3UM and the Apple appeals, it is limited to that first issue of whether or not something could persistently be there or come afterwards. With respect to our cross-appeal on the 658, it is the same issue in certain respects as the 376 issue for Claims 3 and 4. Claims 3 and 4, the same set of the A3UM manual that Apple and Dr. Terveen incorrectly referred to, the board again looked at MemoryWeb's response to that and said, oh, simply because the claims don't require the full map image to be replaced in these claims, the arguments that we made responding to the petition were unpersuasive. That misses the point. It actually put the burden on MemoryWeb to establish that the petition failed rather than recognizing that the petition itself failed for not having any proper evidence on which those claims could be upheld. I think I've hit all of the issues in the cross-appeal. Thank you. Thanks to all counsel. This case is submitted.